Jennifer P. Estremera, SBN 251076
MCKOOL SMITH, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Tel: (650) 394-1414; Fax: (650) 394-1422
jestremera@mckoolsmith.com

John B. Campbell, TX SBN 24036314 (*Pro Hac Vice* application pending*)*
MCKOOL SMITH, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Tel. (512) 692-8700; Fax: (512) 692-8744
jcampbell@mckoolsmith.com

Attorneys for Defendant
Eolas Technologies Incorporated

McKool Smith, P.C.
Austin, TX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE, INC., | Case No. 3:15-cv-05446-JST |
| Plaintiff, | **EOLAS TECHNOLOGIES INCORPORATED'S MOTION TO DISMISS GOOGLE INC.'S COMPLAINT** |
| v. | |
| EOLAS TECHNOLOGIES INCORPORATED, | |
| Defendant. | **Hearing:** |
| | Date:  April 21, 2016 |
| | Time:  2:00 P.M. |
| | Place:  Courtroom 9 |
| | Judge: Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

Page(s)

I.  ISSUE TO BE DECIDED – CIVIL L.R. 7-4(a)(3) ................................................. 1

II.  INTRODUCTION ................................................................................................. 1

III.  SUMMARY OF RELEVANT FACTS AND ARGUMENT ................................... 2

    A.  The Parties Are Situated Differently than During Google's Prior Declaratory Judgment Action. ........................................................................ 2

    B.  Eolas Is a Texas Company With Insufficient California Contacts to Subject It to Personal Jurisdiction in California. ......................................... 3

    C.  Eolas First-Filed an Action for Infringement of the '507 Patent Against Google In Another Court. ................................................................ 3

IV.  THE FIRST-TO-FILE RULE COUNSELS AGAINST THIS COURT'S ASSERTION OF DECLARATORY JUDGMENT JURISDICTION ..................... 4

    A.  Multiple Overlapping Lawsuits Should Be Avoided in Favor of First-Filed Case. .......................................................................................... 4

    B.  This Case Should Be Dismissed in Favor of a First-Filed Case. ................. 5

V.  THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF PERSONAL JURISDICTION ................................................................................ 6

    A.  There Are Two Types of Personal Jurisdiction: General and Specific. ....... 6

        1.  Other Than in "Exceptional Cases," General Jurisdiction Is Limited to a Party's Home Forum. .................................................. 7

        2.  Specific Jurisdiction Requires the Litigation to "Arise Out Of" or "Relate to" Activities "Purposefully Directed" at the Forum. .......... 8

    B.  No Personal Jurisdiction—General or Specific—Exists in This Case. ...... 10

        1.  This Is Not an "Exceptional Case": Eolas Is Not at Home and No General Jurisdiction Exists in California. ......................................... 10

        2.  Eolas' Limited Contacts With California Are Insufficient to Confer Specific Jurisdiction in This Case. ................................................... 10

VI.  CONCLUSION ................................................................................................... 17

McKool Smith, P.C.
Austin, TX

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adobe Sys. v. Tejas Research, LLC,*
  2014 U.S. Dist. LEXIS 131296 (N.D. Cal. Sep. 17, 2014) ........................................15

*Akro Corp. v. Luker*,
  45 F.3d 1541 (Fed. Cir. 1995)........................................................................11

*Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*,
  2011 U.S. Dist. LEXIS 128773 (S.D. Cal. Nov. 7, 2011) ...................................5

*Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009)..............................................................6, 7, 9

*Avocent Hunstville Corp v. Aten Int'l Co.*,
  552 F.3d 1324 ..............................................................................9, 15, 16

*Breckenridge Pharmaceutical, Inc. v. Metabolite Labs., Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006)........................................................................11

*Catalyst Assets LLC v. Life Techs. Corp.*,
  2012 U.S. Dist. LEXIS 84347 (N.D. Cal. June 17, 2012) ...................................5

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014).........................................................................7, 10

*Elecs. For Imaging, Inc. v. Coyle*,
  394 F.3d 1341 (Fed. Cir. 2015).........................................................................4

*EMC Corp. v. Bright Response, LLC*,
  2012 U.S. Dist. LEXIS 132513 (N.D. Cal. Sept. 17, 2012) ..............................4

*Eolas Techs., Inc. v. Adobe Sys., Inc.*,
  2010 U.S. Dist. LEXIS 104125 (E.D. Tex. Sep. 28, 2010) ................................3

*Google, Inc. v. Eolas Techs. Inc.*,
  2014 U.S. Dist. LEXIS 161041 (N.D. Cal. Nov. 16, 2014).............................2, 6

*Google, Inc. v. Eolas Techs. Inc.*,
  2014 U.S. Dist. LEXIS 87260 (N.D. Cal. June 24, 2014) ........................2, 10, 12

*In re Google Inc.*,
  412 Fed. Appx. 295 (Fed. Cir. Mar. 4, 2011) ......................................................3

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)........................................................................................7

McKOOL SMITH, P.C.
AUSTIN, TX

*Key Source Int'l v. CeeColor Indus.*,
   2012 U.S. Dist. LEXIS 170694 (N.D. Cal. Nov. 29, 2012).........................15

*Kyocera Commc'ns, Inc. v. ESS Techs. Int'l, Inc.*,
   2012 U.S. Dist. LEXIS 89267 (N.D. Cal. June 27, 2012) ..............................4

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010).....................................................................7

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*,
   2011 U.S. Dist. LEXIS 120343 (N.D. Cal. Oct. 17, 2011)..............................5

*Purdue Pharma L.P. v. Collegium Pharma., Inc.*,
   2015 U.S. Dist. LEXIS 102899 (D. Del. Aug 6, 2015) .................................13

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996)...................................................................................4, 5

*Radio Sys. Corp. v. Accession, Inc.*,
   638 F.3d 785 (Fed. Cir. 2011).........................................................9, 15, 17

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998)...................................................................17

*Silent Drive, Inc. v. Strong Indus.*,
   326 F.3d 1194 (Fed. Cir. 2003).....................................................................9

*Teva Pharms. USA, Inc. v. Eisai Co.*,
   620 F.3d 1341 (Fed. Cir. 2010).....................................................................5

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995).......................................................................................5

*Xilinx, Inc. v. Papst Licensing GMBH & Co. KG*,
   2015 U.S. Dist. LEXIS 90730 (N.D. Cal. July 9, 2015)....................... passim

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
   218 F.R.D. 663 (N.D. Cal. 2003)...................................................................4

**STATUTES**

CAL. CIV. PROC. CODE § 410.10 .......................................................................7

**OTHER AUTHORITIES**

Civil L.R. 7 ...........................................................................................................1

FED. R. CIV. P. 12(b)(2) .................................................................................1, 6

McKOOL SMITH, P.C.
AUSTIN, TX

**CASE NO. 3:15-CV-05446-JST**       **EOLAS' MOTION TO DISMISS GOOGLE'S COMPLAINT**

McKool Smith, P.C.
Austin, TX

## NOTICE OF MOTION AND MOTION – CIVIL L.R. 7-2(b)(2) AND (3)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Eolas Technologies Inc. ("Eolas") will and hereby does move the Court, pursuant to Civil L.R. 7, for an order granting Defendant's Motion to Dismiss Google Inc.'s ("Google") Complaint with the issues to be heard by the Court on April 21, 2016 at 2:00 P.M., or at whatever other time ordered by the Court. Defendant's Motion respectfully requests that the Court dismiss this action. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declarations of John Campbell and Mark Swords, and the proposed order submitted herewith, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this motion, and all matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      ISSUE TO BE DECIDED – CIVIL L.R. 7-4(A)(3)

Whether the Court should: (1) dismiss, stay, or transfer this action under the first-to-file rule; and/or (2) dismiss this action for a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

## II.     INTRODUCTION

The Court should dismiss this action for two reasons: (1) Eolas filed a complaint in the Eastern District of Texas before Google filed its declaratory judgment action; and (2) the Court lacks of personal jurisdiction over Eolas in this action.[1]  As to the first-to-file rule, on November 24, 2015, Eolas filed a complaint for infringement of U.S. Patent No. 9,195,507 (the "'507 patent") against Google in the Eastern District of Texas. Ex. 1.[2] One day later, Google filed this declaratory judgment of non-infringement action, also on the '507 patent, against Eolas and The Regents of the University of California ("Regents"). Dkt. 1. On January 20, 2016, Google amended its complaint to list only Eolas as a defendant. Dkt. 27. Eolas' first-filed action is still pending.

---

[1] In the alternative, the Court should stay this action or transfer it to the Eastern District of Texas where the first-filed action is pending.
[2] Unless otherwise noted, all references to "Ex." are to Exhibits to the Declaration of John Campbell in support of Defendant's Motion, filed concurrently herewith.

-1-

As to personal jurisdiction, Eolas respectfully suggests that this Court does not possess personal jurisdiction—general or specific—over Eolas in this action. Eolas is a Texas company and had not previously sought to enforce the '507 patent within California.

## III.    SUMMARY OF RELEVANT FACTS AND ARGUMENT

### A.    The Parties Are Situated Differently than During Google's Prior Declaratory Judgment Action.

This action bears little resemblance to the declaratory judgment action brought by Google in 2013. This case presents a wholly different set of facts from that 2013 action where the Court determined that it had jurisdiction over Eolas (and Regents). *Google, Inc. v. Eolas Techs. Inc.*, No. 3:13-cv-5997-JST, 2014 U.S. Dist. LEXIS 87260 (N.D. Cal. June 24, 2014). In that action, Google filed a declaratory judgment complaint against Eolas and Regents on December 30, 2013 after receiving a December 13, 2013 letter regarding patents not at issue here. Ex. 2; *Google v. Eolas & Regents*, 2014 U.S. Dist. LEXIS 87260, at *3. At the time, Eolas was the exclusive licensee of those other patents, which were owned by Regents. *Google v. Eolas & Regents*, 2014 U.S. Dist. LEXIS 87260, at *2-3, *9-10.

The parties, patents, and the parties' interests in the patents are different in this action. As to the parties, only Eolas is a defendant here; Regents is not a party. Dkt. 27. As to the patents, only the '507 patent is involved here, *id.*, and Eolas' claims against Google as to the prior patents (U.S. Patent Nos. 8,082,293 and 8,086,662) were dismissed with prejudice more than a year ago, *Google, Inc. v. Eolas Techs. Inc.*, No. 3:13-cv-5997-JST, 2014 U.S. Dist. LEXIS 161041, at *5-6 (N.D. Cal. Nov. 16, 2014). As to interest in the patents, Eolas is now the owner, and not an exclusive licensee, of the '507 patent. Ex. 3 at 4 (noting that Regents "sells, assigns, transfers, and conveys to Eolas the **entire right, title and interest** in and to the Patent Rights and any and all inventions disclosed in the Patent Rights" (emphasis added)); *id.* at 3, 17 (defining "Patent Rights" to include Application No. 13/292,434, which issued as the '507 patent); Ex. 4 (not amending the aforementioned sections); Dkt. 27 at 3 n.1 (noting similar). Regents is a non-exclusive licensee of the '507 patent. Ex. 3 at 5 (noting Eolas' grant to Regents in Section 3.6); Ex. 4 (not amending the aforementioned section). No exclusive licensee exists as to the '507 patent. Declaration of Mark Swords ¶ 9.

McKool Smith, P.C.
Austin, TX

**B.      Eolas Is a Texas Company With Insufficient California Contacts to Subject It to Personal Jurisdiction in California.**

Eolas is a Texas entity with its principal place of business in Texas. Swords Decl. ¶¶ 2-4. Eolas' Texas roots are substantial and long-lasting. *Id.* Indeed, as part of a previously filed lawsuit involving these parties, Judge Davis determined that Eolas' contacts with Texas are real and substantial when he denied a Google motion to transfer the case to this District. *See Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 U.S. Dist. LEXIS 104125, at *30-31 (E.D. Tex. Sep. 28, 2010). This transfer denial was upheld by the Federal Circuit. *In re Google Inc.*, 412 Fed. Appx. 295 (Fed. Cir. Mar. 4, 2011).

In contrast, Eolas' recent contacts with California are related solely to its relationship with Regents and entirely unrelated to this case. Eolas is not incorporated in California, has no place of business in California, and is not licensed or authorized to do business in California. Swords Decl. ¶ 5. Eolas has no agent for service of process in California. *Id.* Eolas has never owned real property in California. *Id.* Eolas has no personnel, employees, or agents in California. *Id.* Eolas pays no taxes in California. *Id.* Eolas does not advertise or have bank accounts in California. *Id.* At least since leaving California, Eolas has held a board meeting California. *Id.* Eolas has not sold any patents to California entities. *Id.*

None of the contacts that Google alleges exist between Eolas and California (dkt. 27 ¶¶11-15) relate to Eolas' enforcement of the '507 patent in California or Google's infringement of the patent—the subject of Google's declaratory judgment complaint. Nor do these alleged contacts demonstrate a "continuous and systematic" affiliation with California by Eolas. Instead, the contacts are *de minimis* and insufficient to subject Eolas to personal jurisdiction in California in this case.

**C.      Eolas First-Filed an Action for Infringement of the '507 Patent Against Google In Another Court.**

The '507 patent issued on November 24, 2015, and was assigned to Eolas. Ex. 3 at 3, 4, 17; Ex. 4 (not amending the aforementioned sections); Dkt. 27-1 (listing Eolas as assignee). On that day, Eolas sued Google (and Amazon and Wal-Mart, in separate actions) for infringement of the '507 patent in *Eolas Technologies Inc. v. Google Inc.*, Civil Action No. 6:15-cv-01039. Ex. 1. A day later,

McKool Smith, P.C.
Austin, TX

-3-

1   Google filed this declaratory judgment action of non-infringement against Eolas and Regents. Dkt. 1.

2   On January 20, 2016, Google amended its complaint and removed Regents. Dkt. 27.

## IV.   THE FIRST-TO-FILE RULE COUNSELS AGAINST THIS COURT'S ASSERTION OF DECLARATORY JUDGMENT JURISDICTION

### A.   Multiple Overlapping Lawsuits Should Be Avoided in Favor of First-Filed Case.

"[T]he authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718-19 (1996). A "district court is not required to exercise declaratory judgment jurisdiction, but has 'unique and substantial discretion' to decline that jurisdiction." *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2015) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). A district court "must act in accordance with the purposes of the Declaratory Judgment Act and the principles of *sound judicial administration*." *Id.* (citations and internal punctuation omitted) (emphasis added). "Permitting multiple lawsuits to adjudicate the same issues would serve no purpose of judicial administration and would risk inconsistent rulings on the patents' validity, enforceability, and ownership." *Kyocera Commc'ns, Inc. v. ESS Techs. Int'l, Inc.*, 2012 U.S. Dist. LEXIS 89267, at *7-8 (N.D. Cal. June 27, 2012).

"The 'first to file' rule allows a district court to transfer, stay or dismiss an action when a similar complaint has been filed in another federal court." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003). "When two actions involving nearly identical parties and closely related patent infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that the case first filed takes priority, and the subsequently filed suit should be dismissed or transferred or stayed." *EMC Corp. v. Bright Response, LLC*, 2012 U.S. Dist. LEXIS 132513, at *3 (N.D. Cal. Sept. 17, 2012) (quoting 14D Charles Alan Wright, Arthur Miller & Mary Kay Kane, Fed. Prac. & Proc. § 3823 (3d ed. 2011)). In applying the first-to-file rule, "a court looks at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Z-Line Designs*, 218 F.R.D. at 665.

EOLAS' MOTION TO DISMISS GOOGLE'S COMPLAINT

McKool Smith, P.C.
Austin, TX

**B.      This Case Should Be Dismissed in Favor of a First-Filed Case.**

Another court currently presides over three earlier-filed patent infringement cases involving the '507 patent, including a case against Google, that Eolas filed on November 24, 2015. Ex. 1.

The Court should use its discretion to decline to exercise jurisdiction, given the pendent and earlier-filed action. *E.g.*, *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, 5:11-CV-02288-LHK, 2011 U.S. Dist. LEXIS 120343, at *19 (N.D. Cal. Oct. 17, 2011). The Supreme Court consistently "recognize[s] that the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *Quackenbush*, 517 U.S. at 718-719. This holds particularly true for claims brought under the Declaratory Judgment Act, which the Supreme Court describes "as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Entertaining this action would be a waste of judicial resources considering Eolas' earlier-filed and pending action involving the very same patent and issues. This court "should avoid duplicative litigation." *Catalyst Assets LLC v. Life Techs. Corp.*, 2012 U.S. Dist. LEXIS 84347, *7-8 (N.D. Cal. June 17, 2012) (citing *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002) (dismissing declaratory judgment action where it would "would result in duplicative litigation and a waste of judicial resources"); *see also Teva Pharms. USA, Inc. v. Eisai Co.*, 620 F.3d 1341, 1349 (Fed. Cir. 2010) (recognizing that the Federal Circuit has "upheld discretionary decisions declining jurisdiction when the declaratory judgment action was duplicative of other proceedings . . .").[3]

The first-to-file rule applies to this case. First, the chronology of the two actions factor is satisfied by the earlier-filed action, which was filed before this declaratory judgment action. *Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*, No. 11CV1217 JLS WMC, 2011 U.S. Dist. LEXIS 128773, at *5  (S.D. Cal. Nov. 7, 2011) ("The fact that Defendant's action was filed just three days, or one business day, prior to the Insureds' action does not defeat the Court's finding that

McKool Smith, P.C.
Austin, TX

---

[3] Google has indicated that it intends to file a motion to transfer Eolas' first-filed case to this court. Whether transferred or not, duplicate actions are a waste of resources. Eolas' case was first-filed and Google's transfer arguments are speculative.

-5-

1    chronologically, Defendant's action was filed first.") (citing *Z-Line Designs*, 218 F.R.D. at 665).[4]

2    Second, the similarity of the parties factor is satisfied because the parties are identical in the two

3    actions. Third, the similarity of the issues factor is satisfied because the issues are also identical, as

4    the earlier-filed action concerns infringement of the '507 patent for which Google seeks declaratory

5    judgment of non-infringement here.[5]

6    **V.    THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF PERSONAL JURISDICTION**

7

8         **A.    There Are Two Types of Personal Jurisdiction: General and Specific.**

9         "Where a defendant moves to dismiss a suit for lack of personal jurisdiction pursuant to

10   Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that

11   jurisdiction is proper." *Xilinx, Inc. v. Papst Licensing GMBH & Co. KG*, No. 5:14-cv-4963-LHK,

12   2015 U.S. Dist. LEXIS 90730, at *8 (N.D. Cal. July 9, 2015) (citing *Boschetto v. Hansing*, 539 F.3d

13   1011, 1015 (9th Cir. 2008)). If a court lacks personal jurisdiction over a defendant, Rule 12(b)(2)

14   requires the court to dismiss the action. FED. R. CIV. P. 12(b)(2). Where, as here, the declaratory

15   judgment complaint is for non-infringement of a patent, Federal Circuit law governs the personal

16   jurisdiction inquiry. *Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir.

17   2009).

18        Determining whether jurisdiction exists over an out-of-state defendant involves two

19   inquiries: whether a forum state's long-arm statute permits service of process and whether assertion

20   of personal jurisdiction violates due process. *Id.* at 1017. Here, because California's long-arm statue

21   is co-extensive with the limits of constitutional due process, the inquiry becomes a due process

22

23   [4] Google raises no facts in its Complaint that give rise to declaratory judgment jurisdiction as to the '507 patent other than Eolas' earlier-filed complaint.
     [5] To the extent that Google argues that Eolas' first-filed case is not first-filed because of Google's

24   2013 declaratory judgment case (Case No. 3:13-cv-5997-JST), Google would be incorrect. First, that prior case—which involved different patents, parties, and patent ownership—was dismissed with

25   prejudice more than a year ago. *Google, Inc. v. Eolas Techs. Inc.*, No. 3:13-cv-5997-JST, 2014 U.S. Dist. LEXIS 161041, at *5-6 (N.D. Cal. Nov. 16, 2014). It was dismissed after only procedural

26   issues—such as personal jurisdiction, subject matter jurisdiction, and a covenant not to sue—were dealt with. Second, following such flawed reasoning would mean that the first-filed case would be Eolas'

27   2009 lawsuit against Google in the Eastern District of Texas (Case No. 6:09-cv-446). That case, like Google's 2013 declaratory judgment case, involved patents from the same family as the '507 patent,

28   but was filed years earlier. Exs. 5-8.

-6-

MCKOOL SMITH, P.C.
AUSTIN, TX

inquiry. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010); CAL. CIV. PROC. CODE § 410.10. Due process requires that the defendant have "certain minimum contacts with the [forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations removed). Courts recognize two bases for personal jurisdiction under this "minimum contacts" requirement, general and specific.

The facts in this case do not justify the Court in exercising either general or specific personal jurisdiction over Eolas.

### 1. Other Than in "Exceptional Cases," General Jurisdiction Is Limited to a Party's Home Forum.

General jurisdiction requires that the defendant have "continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Autogenomics*, 566 F.3d at 1017. Findings of general jurisdiction are appropriate where the defendant is "essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. "'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'" *Id.* (quoting *Goodyear*, 131 S. Ct. at 2853-54). Exercising "general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business … is unacceptably grasping." *Id.* at 760-61 (internal quotations omitted). Only in an "exceptional case" might "a corporation's operations in a forum other than its formal place of incorporation or principal place of business [] be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19.

In *Xilinx*, Judge Koh explained just how uncommon a finding of general jurisdiction in California is for parties domiciled outside of California. Judge Koh began by observing that "[m]erely conducting business in California from a home base in Germany is not 'exceptional,' even

EOLAS' MOTION TO DISMISS GOOGLE'S
                                                     COMPLAINT

McKOOL SMITH, P.C.
AUSTIN, TX

1    when such business generates substantial revenue." *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *15.

2    Judge Koh noted that "the U.S. Supreme Court held that Daimler AG, the German manufacturer of

3    Mercedes-Benz automobiles, was not subject to general jurisdiction in California 'despite its

4    multiple offices, continuous operations, and billions of dollars' worth of sales there.'" *Id.* (quoting

5    *Daimler*, 134 S. Ct. at 772 (Sotomayor, J., concurring)). Following the Supreme Court precedent,

6    Judge Koh held that if "German manufacturer of Mercedes-Benz automobiles was not subject to

7    general jurisdiction in California, then California certainly lacks general jurisdiction over

8    [defendant] Papst, which has far more modest ties to California than the largest importer of luxury

9    vehicles to this state." *Id.* (citing *Daimler*, 134 S. Ct. at 752). Moreover, "merely 'targeting' the

10   Silicon Valley technology industry with one's patent licensing business is insufficient to confer

11   general jurisdiction." *Id.* (citing *Google Inc. v. Rockstar Consortium U.S. LP.*, No. 13-CV-5933-CW,

12   2014 U.S. Dist. LEXIS 53757, at *14-17 (N.D. Cal. Apr. 17, 2014))

13        Judge Koh highlighted the high bar set by the United States Supreme Court for general

14   jurisdiction, noting that "the U.S. Supreme Court has only found general jurisdiction to exist over a

15   nonresident defendant in one instance." *Id.* at *16. In that case—*Perkins v. Benguet*—the "U.S.

16   Supreme Court held that the defendant, a mining company based in the Philippines, was subject to

17   general jurisdiction in Ohio because the defendant's president directed all of the company's

18   activities from Ohio." *Id.* (citing *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952)).

19   "*Perkins* was an 'exceptional case' because the defendant's mining operations in the Philippines

20   were halted by Japanese wartime occupation of the Philippines … [and] the Court found that Ohio

21   could be considered the defendant's 'surrogate for the place of incorporation or head office' and

22   'principal, if temporary, place of business.'" *Id.* (quoting *Daimler*, 134 S. Ct. at 756, 756 n.8, 761

23   n.19).

24        Eolas' personnel are not located in California, much less directing business from there. Nor

25   has Eolas' business in Texas been halted by war. This case is not "exceptional" like *Perkins*.

     **2.     Specific Jurisdiction Requires the Litigation to "Arise Out Of" or "Relate
              to" Activities "Purposefully Directed" at the Forum.**

McKool Smith, P.C.
Austin, TX

Where there is no general jurisdiction, courts may still exercise specific jurisdiction if (1) the defendant "purposefully directed" activities at residents of the forum, (2) the litigation "arises out of" or "relates to" those activities, and (3) exercising personal jurisdiction is both reasonable and fair. *Autogenomics*, 566 F.3d at 1018 (internal quotations omitted).

The scope of "arises out of" and "related to" is not unbounded, particularly in actions for declaratory judgment of non-infringement. "In a declaratory judgment action for non-infringement, not all activities related to the patents-in-suit are relevant jurisdictional contacts." *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *18 (citing *Avocent Hunstville Corp v. Aten Int'l Co.*, 552 F.3d 1324, 1332-33 (Fed. Cir. 2008). In particular, a "declaratory judgment [of non-infringement claim] 'arises out of' or 'relates to' the defendant's enforcement of the patents in the forum." *Id.* at *19 (citing *Avocent*, 552 F.3d at 1334). "[E]nforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum." *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 792 (Fed. Cir. 2011). This is because a declaratory judgment action's "claim neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent*, 552 F.3d at 1332.

Cease and desist letters, standing alone, are not enough to confer special jurisdiction. This is because, "based on 'policy considerations unique to the patent context,'… 'letters threatening suit for patent infringement sent to the alleged infringer by themselves' 'do not suffice to create personal jurisdiction.'" *Avocent*, 552 F.3d at 1333 (quoting *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1202, 1206 (Fed. Cir. 2003); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359-60 (Fed. Cir. 1998)) (emphasis removed). "For the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be **other activities** directed at the forum and ***related to the cause of action*** besides the letters threatening an infringement suit." *Silent Drive*, 326 F.3d at 1202 (internal quotations admitted). Such "[o]ther activities" "include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Avocent*, 552 F.3d at 1334 (internal citations omitted).

McKOOL SMITH, P.C.
AUSTIN, TX

Google's declaratory judgment does not "arise out of" or "relate to" Eolas' limited contacts with California. Eolas' contacts are wholly unrelated to enforcement of the '507 patent in California.

**B.      No Personal Jurisdiction—General or Specific—Exists in This Case.**

      **1.      This Is Not an "Exceptional Case": Eolas Is Not at Home and No General Jurisdiction Exists in California.**

No general jurisdiction exists in this non-"exceptional" case. Eolas is a Texas company and has been for many years. *See* Section III.B, *supra*. Eolas is not at home in California. *See Daimler*, 134 S. Ct. at 761 (noting that general jurisdiction is typically found where "the corporation is fairly regarded as at home"). Nor are Eolas' limited contacts with California "continuous and systematic." *See* Section III.B, *supra*. Thus, this case is not "exceptional," and no general jurisdiction exists as to Eolas in this foreign California forum. *See, e.g.*, *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *15-16 (explaining how uncommon a finding of general jurisdiction is for non-residents of a forum).

      **2.      Eolas' Limited Contacts With California Are Insufficient to Confer Specific Jurisdiction in This Case.**

No specific jurisdiction exists in this case, either. First, this case is unlike the prior declaratory judgment action brought by Google in 2013. Second, Eolas' alleged contacts with California listed in Google's complaint are unrelated to what gave rise to this action—Google's infringement of the '507 patent or Eolas' enforcement of that patent in California.

          **i.      This Case Is Unlike the 2013 Case.**

On June 24, 2014, the Court held that it had specific jurisdiction over Eolas in another declaratory judgment case brought by Google. *See Google, Inc. v. Eolas Techs. Inc.*, No. 3:13-cv-5997-JST, 2014 U.S. Dist. LEXIS 87260, at *7-12 (N.D. Cal. June 24, 2014). That case did not involve the '507 patent. At issue in that case were two different patents, U.S. Patent Nos. 8,082,293 (the "'293 patent") and 8,086,662 (the "'662 patent). The differences between the two cases are marked. The table below summarizes some of those differences (*see* Section III.A, *supra*):

| Facts / Case | 2013 Case | This Case |
|---|---|---|
| **Parties** | Google, Eolas, Regents | Google, Eolas |
| **Patent(s)** | (1) '293 patent; (2) '662 patent | (1)_ '507 patent |
| **Patent(s) Owners** | Regents | Eolas |

MCKOOL SMITH, P.C.
AUSTIN, TX

| Patent(s)    Exclusive Licensee | Eolas | None |
|---|---|---|
| Pre-Filing Letter | December 13, 2013 | None |

The most notable of these differences—the different patents, different patent ownership, and lack of a pre-filing letter—significantly differentiate this case from the prior declaratory judgment action brought by Google. First, the difference in patents-in-suit matters because a "declaratory judgment [of non-infringement] 'arises out of' or 'relates to' the defendant's enforcement of the patents in the forum." *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *19 (citing *Avocent*, 552 F.3d at 1334). The '507 patent has never been asserted in this forum (or elsewhere, until Eolas' November 24, 2015 lawsuits in the Eastern District of Texas).

Second, the difference in patent ownership means that cases like *Breckenridge Pharmaceutical, Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356 (Fed. Cir. 2006) and *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995), are inapposite. Unlike those cases—and the prior dispute between Google, Eolas, and Regents—this case involves no owner/exclusive licensee relationship: Eolas owns the '507 patent and Regents has a non-exclusive license. *See* Section III.A, *supra*. As Judge Koh noted in *Xilinx*—while differentiating *Breckenridge* and *Akro*—this exclusive licensee vs non-exclusive licensee distinction is critical: "The Federal Circuit has drawn a distinction between a licensor's relationship to an exclusive licensee, on the one hand, and a licensor's relationship to a non-exclusive licensee on the other." 2015 U.S. Dist. LEXIS 90730, at *30-31 (citing *Akro*, 45 F.3d at 1546). In particular, "[t]he mere grant of a non-exclusive license to an in-state licensee does not subject the licensor to personal jurisdiction in that state, while the grant of an exclusive license may if it imposes enforcement obligations." *Id.* at *31 (citing *Breckenridge*, 444 F.3d at 1366). Thus, Judge Koh noted that "the fact that Rambus, a California resident, is a non-exclusive licensee is insufficient to create personal jurisdiction over Papst." *Id.* The same is true in this case for non-resident Eolas: the non-exclusive license granted to Regents is insufficient to create personal jurisdiction over Eolas in California.

McKool Smith, P.C.
Austin, TX

1    Third, the lack of a pre-filing letter in this case is also relevant because it further

2 demonstrates that Eolas has not directed any enforcement activities as to the '507 patent in

3 California. *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *19 (noting that a "declaratory judgment [of

4 non-infringement] 'arises out of' or 'relates to' the defendant's enforcement of the patents in the

5 forum" (citing *Avocent*, 552 F.3d at 1334)).

6    In light of the changed circumstances, a review of the Court's prior reasons for finding that it

7 had specific jurisdiction over Eolas is warranted. In *Google vs. Eolas & Regents*, 2014 U.S. Dist.

8 LEXIS 87260, at *7-12, the Court noted the following reasons in support of its finding of specific

9 jurisdiction over Eolas:

10    1)  Eolas' exclusive license to the patents, which were owned by Regents;

11    2)  Eolas' December 13, 2013 letter to Google regarding the patents;

12    3)  The choice of law provision in Eolas' exclusive license agreement with Regents;

13    4)  Eolas' creation in California and incorporation in California;

14    5)  Eolas' residence in California when signing the license agreement with Regents;

15    6)  Eolas' engagement in patent-related activities in California before moving to Texas; and

16    7)  The length of time Eolas was subject to the exclusive license agreement with Regents.

17 Each of these reasons is either not present or does not support a finding of specific jurisdiction here.

18    Unlike the prior case, Eolas now owns the patent-in-suit, did not send Google a letter

19 regarding the '507 patent, and was not resident in California when entering into the assignment

20 agreement with Regents. *See* Section III.A, *supra*; Dkt. 27; Ex. 3. This is unlike at least reasons 1),

21 2), and 5) from the Court's ruling in the prior case.

22    Moreover, reasons 3), 4), 6), and 7) from the Court's ruling in the prior case are unrelated to

23 the specific jurisdiction analysis in this case. That is, those factors are unrelated to Google's

24 infringement of the '507 patent or Eolas' enforcement of that patent in California. *Xilinx*, 2015 U.S.

25 Dist. LEXIS 90730, at *19 (noting that a "declaratory judgment [of non-infringement] 'arises out of'

26 or 'relates to' the defendant's enforcement of the patents in the forum" (citing *Avocent*, 552 F.3d at

27 1334)).

28

McKool Smith, P.C.
Austin, TX

1    In addition, as to reason 3), the exclusive license agreement is no longer applicable; Eolas

2    now owns the patent-in-suit. Moreover, the choice of law provision in Eolas' exclusive license

3    agreement with Regents, does not evidence intent by Eolas to be subject to California courts in this

4    declaratory judgment action. *See, e.g.*, *Xilinx*, 2015 U.S. Dist. LEXIS 90730 ("The Rambus

5    Agreement, at best, shows Papst's intent to be subject to California courts should the Rambus

6    Agreement be violated, not for subsequent declaratory judgment actions concerning the infringement

7    or validity of the patents-in-suit." (citing *Big Lots Stores, Inc. v. Sorensen Research & Development

8    Trust*, No. 08-CV-506, 2009 U.S. Dist. LEXIS 120106, at *5 (S. D. Ohio Dec. 2, 2009) (stating

9    similar)). This is reinforced by the fact that the choice of law provision in Eolas and Regents'

10   assignment agreement has been struck by an amendment. *Compare* Ex. 3 at Article 18 *with* Ex. 4

11   (noting the deletion of Article 18).

12   As to reason 4), Eolas' creation and time in California, Eolas respectfully suggests that this

13   reason is unrelated to the specific jurisdiction inquiry at issue here. That is, Eolas' time in California

14   more than fifteen years ago is unrelated Google's infringement of the '507 patent or Eolas'

15   enforcement of that patent in California. *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *19 (noting that a

16   "declaratory judgment [of non-infringement] 'arises out of' or 'relates to' the defendant's

17   enforcement of the patents in the forum" (citing *Avocent*, 552 F.3d at 1334)); *see also Purdue

18   Pharma L.P. v. Collegium Pharma., Inc.*, No. 15-260-SLR, 2015 U.S. Dist. LEXIS 102899, at *2,

19   *10-15 (D. Del. Aug 6, 2015) (holding that Delaware court had no general or specific jurisdiction

20   over patent infringement defendant despite defendant's incorporation in Delaware from 2002 until

21   2014). The '507 patent had not yet been filed for in the 1990s, much less been issued. *See* Dkt.27-1.

22   Enforcing it would have been impossible.

23   As to reasons 6) and 7), Eolas' engagement in patent-related activities in California before

24   moving to Texas and its exclusive licensee relationship with Regents, Eolas again respectfully

25   suggests that these reasons are unrelated to the specific jurisdiction inquiry here. Eolas spent time in

26   California more than fifteen years ago. *See* Section III.A. The '507 patent was filed for on November

27   9, 2011 and was issued on November 24, 2015. *See* Dkt 27-1. Enforcing the patent before November

28   24, 2015 would have been impossible and no enforcement activities were occurring, much less in

McKool Smith, P.C.
Austin, TX

-13-

California. At the time of issuance of the '507 patent—when Eolas' enforcement rights in the patent began—Eolas was already the owner of the patent. Ex. 3. Eolas' prior relationship with Regents— which was in place before issuance of the '507 patent—is unrelated to Eolas' enforcement of the '507 patent, including in California courts. *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *19 (noting that a "declaratory judgment [of non-infringement] 'arises out of' or 'relates to' the defendant's enforcement of the patents in the forum" (citing *Avocent*, 552 F.3d at 1334)).

       ii.  Eolas' Alleged California Contacts Are Unrelated to Google's Infringement of the '507 Patent or Eolas' Enforcement of That Patent in California.

  Google alleges a number of Eolas' alleged contacts with California. Dkt. 27 ¶¶ 11-15. These alleged contacts are listed below:

1) Communications and business agreements between Eolas and Regents regarding commercialization of "this patent family" (dkt. 27 ¶ 11);

2) Eolas' acquisition of rights and/or title to patents, including the '507 patent (*id.*);

3) Eolas' initiation of patent infringement lawsuits against "California entities," involving patents other than '507 patent, in unspecified jurisdictions (*id.*);

4) Eolas' settlements of patent infringement lawsuits with "California entities" such that those entities to practice activities related to Eolas' patents (*id.*);

5) Eolas' communication to Google regarding patents other than the '507 patent (*id.*);

6) Eolas' third-party motion to compel in an unrelated 1999 case (*id.*);

7) Eolas' filing of counterclaims regarding different patents in different cases (*id.*);

8) Eolas' incorporation in California more than 15 years ago (*id.*);

9) Eolas' no-longer-current registered agent in California (*id.*);

10) Eolas' alleged obligations to Regents, a non-exclusive licensee of the '507 patent and other patents (*id.* ¶¶ 12, 14);

11) The choice of law provision in Eolas' agreements with Regents (*id.* ¶ 13, 14); and

12) Eolas' licensing and/or enforcement revenues, including related to Regents and other "California residents" (*id.* ¶ 15).

McKool Smith, P.C.
Austin, TX

1    None of these alleged contacts relates to Google's infringement of the '507 patent or Eolas'

2    enforcement of that patent in California—the subject of Google's declaratory judgment complaint.

3    *Radio Sys.*, 638 F.3d at 792 ("[E]nforcement activities taking place outside the forum state do not

4    give rise to personal jurisdiction in the forum."); *Avocent*, 552 F.3d at 1332-34 (noting that the

5    relevant inquiry involves contacts related to the enforcement of the patent-in-suit in the disputed

6    forum); *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *19 (noting that a "declaratory judgment [of non-

7    infringement] 'arises out of' or 'relates to' the defendant's enforcement of the patents in the forum"

8    (citing *Avocent*, 552 F.3d at 1334)).

9    Alleged contacts 1) and 3) through 9) are unrelated to the '507 patent, much less its

10   enforcement. This is at least because each occurred prior to issuance of the '507 patent on November

11   24, 2015. Google acknowledges this by not specifically alleging that these alleged contacts relate to

12   the '507 patent, but instead saying "this patent family" or "related patents." *See* Dkt. 27 ¶ 11.

13   Moreover, each of these alleged contacts is undermined for additional reasons.

14   Google's alleged contact 1) does not even contain an allegation about enforcement, but

15   merely mentions commercialization. Alleged contacts like 3), 4), 6) and 7) are unrelated to: (1)

16   enforcement of the '507 patent; and/or (2) enforcement in California courts. *See, e.g.*, *Radio Sys.*,

17   638 F.3d at 792 ("[E]nforcement activities taking place outside the forum state do not give rise to

18   personal jurisdiction in the forum."); *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *39-40 ("Papst's

19   litigations in this state involving other patents are irrelevant for purposes of specific jurisdiction.");

20   *Key Source Int'l v. CeeColor Indus.*, No. 3:12-cv-01776-WHA, 2012 U.S. Dist. LEXIS 170694, at

21   *8-9 (N.D. Cal. Nov. 29, 2012) (noting that lawsuits outside of California against California

22   residents did not support personal jurisdiction in California); *Adobe Sys. v. Tejas Research, LLC*, No.

23   3:14-cv-868-EMC, 2014 U.S. Dist. LEXIS 131296, at *13 (N.D. Cal. Sep. 17, 2014) (noting that (1)

24   "the fact that Tejas has pursued enforcement actions against California residents in the Eastern

25   District of Texas does not support the exercise of personal jurisdiction of Tejas in California"; and

26   (2) non-exclusive license agreements with California companies "are of a kind that would support

27   personal jurisdiction over Tejas"). Moreover, if licensing an out-of-state entity created specific

28

McKool Smith, P.C.
Austin, TX

-15-

**EOLAS' MOTION TO DISMISS GOOGLE'S COMPLAINT**

1   jurisdiction as to other entities, companies that license their inventions would quickly be subject to

2   specific jurisdiction in many, many states.

3        Google's alleged contact 5) relates to a December 2013 letter about patents other than the

4   '507 patent. That this letter was sent almost two years before issuance of the '507 patent negates

5   connection to the enforcement of the '507 patent in California courts. And as the Federal Circuit has

6   held, "based on 'policy considerations unique to the patent context,'… 'letters threatening suit for

7   patent infringement sent to the alleged infringer by themselves' 'do not suffice to create personal

8   jurisdiction.'" *Avocent*, 552 F.3d at 1333 (quoting *Silent Drive*, 326 F.3d at 1202, 1206; *Red Wing*

9   *Shoe*, 148 F.3d at 1359-60) (emphasis removed). Nor do any "other activities" mentioned by the

10   Federal Circuit exist in this case: Eolas has not attempted to enforce the '507 patent in California and

11   no agreement imposing enforcement obligations on Eolas exists. *Avocent*, 552 F.3d at 1334 (noting

12   that "[o]ther activities" "include initiating judicial or extra-judicial patent enforcement within the

13   forum, or entering into an exclusive license agreement or other undertaking which imposes

14   enforcement obligations with a party residing or regularly doing business in the forum" (internal

15   citations omitted)).

16        Alleged contacts like 8) and 9) were already discussed in Section V.B.2.i , *supra*, and are

17   unrelated as Eolas' home more than fifteen years ago is irrelevant to the enforcement of a patent

18   issued in November 2015.

19        Alleged contact 2), relates to Eolas' prior license and now ownership of patents, including

20   the '507 patent. But this acquisition of rights, particularly ownership, is unrelated to enforcement of

21   the '507 patent in California courts. To count this as a relevant contact would likely eliminate any

22   bound on the specific jurisdiction inquiry.

23        Alleged contacts 10) and 11) were discussed in Section V.B.2.i , *supra*, in light of the

24   Court's prior specific jurisdiction finding in a different case, involving different patents, involving

25   different parties. As already noted, Eolas' obligations to Regents are of limited relevance, as Regents

26   is a non-exclusive licensee. *See Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *30-31 (noting limited

27   relevance of agreements with non-exclusive licensees and differentiating *Breckrenridge* and *Akro*).

28

McKool Smith, P.C.
Austin, TX

-16-

And while any obligations that Eolas had to Regents were already limited after the assigment, *see* Ex. 3, those obligations were further limited by amendment, *see* Ex. 4.

Moreover, the choice of law provisions in Eolas' agreements with Regents are unrelated to enforcement of the '507 patent in California courts. *See, e.g.*, *Xilinx*, 2015 U.S. Dist. LEXIS 90730 ("The Rambus Agreement, at best, shows Papst's intent to be subject to California courts should the Rambus Agreement be violated, not for subsequent declaratory judgment actions concerning the infringement or validity of the patents-in-suit." (citing *Big Lots*, , 2009 U.S. Dist. LEXIS 120106, at *5 (stating similar)). And the choice of law provision in Eolas and Regents' assignment agreement has been struck by an amendment. *Compare* Ex. 3 at Article 18 *with* Ex. 4 (noting the deletion of Article 18).

Alleged contact 12), related to Eolas' licensing and/or enforcement revenues, is yet again unrelated to enforcement of the '507 patent in California courts. Enforcement of different patents, outside of California—whether or not against "California residents"—is unrelated to the enforcement of the '507 patent in California courts. *See, e.g.*, *Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *39-40 ("Papst's litigations in this state involving other patents are irrelevant for purposes of specific jurisdiction."); *Radio Sys.*, 638 F.3d at 792 ("[E]nforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum."). And that Eolas' licensees may reside and do business in is unrelated to Eolas' enforcement of the '507 patent in California courts. *See, e.g.*, *Red Wing Shoe*, 148 F.3d at 1361 ("In simple terms, doing business with a company that does business in Minnesota is not the same as doing business in Minnesota."). Moreover, Google's allegations regarding payments by Eolas to Regents deal with: (1) payments made prior to issuance of the '507 patent; (2) payments unrelated to the enforcement of the '507 patent in California courts; and/or (3) payments made to a non-exclusive licensee, Regents. *See Xilinx*, 2015 U.S. Dist. LEXIS 90730, at *30-31 (noting limited relevance of agreements with non-exclusive licensees and differentiating *Breckrenridge* and *Akro*).

## VI.   CONCLUSION

In light of the foregoing, Google's declaratory judgment action should be dismissed.

McKool Smith, P.C.
Austin, TX

**EOLAS' MOTION TO DISMISS GOOGLE'S COMPLAINT**

1    DATED: February 8, 2016

2                             MCKOOL SMITH P.C.

3

4                             By /s/ Jennifer Estremera

5                                Jennifer Estremera

6                             Attorney for Defendant
                             EOLAS TECHNOLOGIES INCORPORATED;

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith, P.C.
Austin, TX

-18-

             **EOLAS' MOTION TO DISMISS GOOGLE'S COMPLAINT**

1

## CERTIFICATE OF SERVICE

2      Pursuant to FRCP 5(b), I certify that I am an attorney at McKool Smith P.C. and that on this date

3   a true and correct copy of the foregoing document, DEFENDANT'S MOTION TO DISMISS, will

4   be served upon counsel of record via electronic mail through the United States District Court's

5   CM/ECF system.

6   Dated: February 8, 2016                         */s/ John Campbell*
                                                      John Campbell
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith, P.C.
Austin, TX